IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-00290-FL-1
NO. 5:13-CV-00289-FL

| | |
|---|---|
| CHYVONE MONIQUE WOMACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This cause comes before the Court upon petitioner Chyvone Monique Womack's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("motion to vacate") (DE 49). Petitioner's motion asserts, *inter alia*, that her trial attorney refused her request to file notice of appeal from her conviction and sentence (DE 49). The government filed a motion to dismiss pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure (Rule) (DE 52) to which it attached a waiver of appeal purportedly signed by defendant. Rule 12 (d) Result of Presenting Matters Outside the Pleadings provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion

Given these assertions, and in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam), the undersigned hereby provides notice to both parties that the government's motion to dismiss will be considered a motion for summary judgment, and that Petitioner should consult Rule 56 of the Federal Rules of Civil Procedure to be guided in responding to the government's motion.

Rule 56(a) provides that the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials.  Fed. R. Civ. P. 56(c)(l)(A).  Alternatively, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing that the materials cited do not establish the absence or presence or a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(l)(B).  An affidavit or declaration used to support or oppose a summary judgment motion must be made on personal knowledge, set out in facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(c)(4).  Affidavits or declarations submitted in bad faith or solely for delay may result in the payment of reasonable expense by the offending party.  An offending party may also be held in contempt or subject to other appropriate sanctions.  Fed. R. Civ. P. 56(h).  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue other appropriate orders.  Fed. R. Civ. P. 56(d).  A knowing assertion of a falsehood in order to escape summary judgment, if proven, constitutes perjury punishable by law.  All facts, affidavits, or declarations to be considered by the court must be sworn before a notary or contain the following statement:  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on (date)." If a party fails to properly support or address an assertion of fact, the court may give opportunity for that party to properly support or address the fact, consider the fact undisputed for purposes of the motion, or grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to summary judgment. Fed. R. Civ. P. 56(e).

The government is hereby DIRECTED to submit an affidavit from trial counsel, Gale M. Adams, along with any supporting documents bearing on the issue of Petitioner's appeal, not later than Friday, February 28, 2014.

Notice herein having been given that Petitioner is confronted with the possibility of summary disposition of her case. Since the undersigned has alerted her to her responsibility with reference to Rule 56 of the Federal Rules of Civil Procedure, in accordance with Local Civil Rule 7.1(e)(l), EDNC, Petitioner may file a supplemental response, including any supporting affidavits or other evidence, to the government's motion within twenty-one (21) days of the date of this order. The government will then have seven (7) days to file a reply, along with any evidence it wishes the Court to consider in ruling on the motion for summary judgment. Thereafter, the Court may grant summary judgment for a nonmovant, grant the motion on grounds not raised by the moving party, or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f).

DONE AND ORDERED in Chambers at Raleigh, North Carolina on February 20, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE