IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-00290-FL-1
NO. 5:13-CV-00289-FL

| | |
|---|---|
| CHYVONE MONIQUE WOMACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon petitioner Chyvone Monique Womack's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("motion to vacate"). DE-49. The government has filed a motion to dismiss. DE-52. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. On February 20, 2014, the Court entered an Order converting the government's motion to dismiss into one for summary judgment and allowed Womack and the government time to supplement their motions and responses. DE-60. The government filed its supplement on February 28, 2014 DE-62. Petitioner did not file a timely response. For the reasons set forth herein, the undersigned RECOMMENDS that Womack's motion to vacate (DE-49) be DENIED and that the Government's motion for summary judgment (DE-52) be GRANTED.

I. BACKGROUND

On December 13, 2011, Womack pled guilty to three counts of an indictment: two counts of access device fraud (counts One and Three) and one count of aggravated identity fraud (count Two), in violation of 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 1028A, respectively. DE-6. In the

plea agreement, Womack agreed, *inter alia*, to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

DE-18, Plea Agreement 1–2. She was sentenced on April 5, 2012 to a 57-month term of imprisonment: a 33-month concurrent term on Counts One and Three, and a consecutive 24-month sentence on Count Two. DEs-35, 38. On April 17, 2012, Womack executed a waiver of appellate rights form. DE-53-1. She filed the instant petition on April 17, 2013. DE-49.

## II.     LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus.*

*Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. *Anderson*, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247–48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on such motion. *Id*. at 248–49.

"A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). Nonetheless,

> [w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them' . . . . The 'special judicial solicitude' with which a district court should view such pro se complaints does not transformer the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

*Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

B. <u>28 U.S.C. § 2255</u>

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

3

authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

C. <u>Effect of Petitioner's Guilty Plea</u>

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the

4

plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266–67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id*.

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings. Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated — permitting quick disposition of baseless collateral attacks.

*United States v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he or she received fell below an objective standard of reasonableness. *Id*. at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id*. at 689.

5

Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

**III.   ANALYSIS**

The present 2255 motion raises the following issues: (1) counsel was ineffective in failing to file an appeal on Womack's behalf; (2) counsel was ineffective in failing to argue for a three-level reduction for acceptance of responsibility; and (3) the Court erred at sentencing in finding Womack abused a position of trust, held a managerial role in the offense, and incorrectly calculated the loss amount attributable as relevant conduct.

   A. <u>Failure to File an Appeal</u>

Womack first argues that her attorney was ineffective because the attorney failed to file an appeal despite Womack's request that she do so. In light of the record in this matter, this argument fails.

Here, the record demonstrates that Womack signed an Acknowledgment of Appellate Rights form, upon which she initialed the spot next to the phrase "DO NOT WISH TO APPEAL." DE-53-1. Womack asserts that the form was "not explained to her," DE-55 at 2, yet by signing the form, she avowed that her attorney had "explained [her] rights," "explained to

[her] whether or not my attorney believes that any meritorious appellate issue[1] exists," and "answered any and all questions I have." DE-53-1. Plaintiff therefore cannot now plausibly dispute in hindsight that she did not receive adequate explanation. *See Dunn v. United States*, No. 7:09-cr-42, 2011 WL 1575631, at *1 (E.D.N.C. Apr. 25, 2011) (where petitioner initialed next to "DO NOT WISH TO APPEAL," argument that petitioner's attorney disregarded instruction to file appeal was "completely undermined").

In addition, Womack's former counsel, Gale M. Adams, submitted a sworn affidavit averring that she visited Womack on April 17, 2012 and advised her of her right to appeal. DE-62-1 at 1. As was Adams' ordinary course of practice, she read the Acknowledgment of Appellate Rights and Election Regarding Appeal form to Womack, reviewed Womack's appellate rights with her, and answered any questions Womack had. *Id.* at 1-2. Adams further states that Womack appeared to understand her rights and said that she did not wish to appeal. *Id*. at 2. In addition, Adams opined that Womack knowingly and intelligently signed the form memorializing her intent to waive her right to appeal. *Id.* Finally, Adams asserts that at no time did Womack indicate, directly or indirectly, that she wished to exercise her appellate rights. *Id*.

In sum, in light of the evidence in the record, Womack's unsupported, unsworn assertion that her attorney disregarded her instructions to appeal does not create a disputed issue of material fact.[2] The Government is therefore entitled to summary judgment as to Womack's ineffective assistance claim regarding the failure to file an appeal. *See King v. United States*, No.

---

[1] Womack also asserts that she was unhappy with her sentence and wanted to appeal. Yet as discussed below, each of the grounds she objects to in her petition are issues that fall squarely within the scope of her appeal waiver and therefore would not have been cognizable, let alone successful, on direct appeal.

[2] On February 21, 2014, the Clerk of Court sent Womack a notice of her right to respond to a motion for summary judgment on or before March 13, yet Womack did not file a response, nor any "affidavits, declarations, citations to particular parts of the record, or other material," that would create a disputed issue of material fact. *See* DE-61.

4:05-cr-111, 2007 WL 3541891, at *3 (E.D.N.C. Nov. 14, 2007) (no evidentiary hearing required where record conclusively shows petitioner is not entitled to relief, "[b]ased on counsel's affidavit and petitioner's signed acknowledgment [of appellate rights] form").

B. Failure to Obtain Reduction for Acceptance of Responsibility

Womack also asserts that counsel was ineffective in failing to object to the pre-sentence report's recommendation that she not be awarded a reduction for acceptance of responsibility. The plea agreement provided for a downward departure for acceptance of responsibility but also stated that the government would not be bound by this provision if Womack's conduct changed prior to sentencing. DE-18 at 7–8. As the Court commented at sentencing, in the weeks following her guilty plea, Womack was charged with larceny of a motor vehicle and possession of a stolen motor vehicle after she illegally reclaimed possession of a vehicle that had been repossessed.[3] DE-44 at 4. The Court also noted that counsel for Womack objected to the loss of acceptance of responsibility points. *Id.* at 6. In response to this information, Womack argues that her sentence would have been different "had [counsel] convinced the court" that a reduction was warranted. DE-55 at 6. But counsel is not constitutionally deficient for failing to pursue a meritless challenge. *See Baker v. Corcoran*, 220 F.3d 276, 293 n. 15 (4th Cir. 2000); *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (commenting that "neither the plain language of the guideline provision at issue nor decisional law suggested that such an argument

---

[3] Ms. Womack appears to be under the misapprehension that the loss of acceptance of responsibility points was due to "an alleged hit and run accident that occurred while she was on pretrial release." DE-49-1 at 17. But the hit and run incident, as described at the sentencing hearing by Senior Special Agent Paul Rodriguez, occurred prior to August 2009 and thus not while Womack was on pretrial release in the instant matter. DE-44 at 23. The Court mentioned this incident along with the larceny charges in formulating the sentence, but as part of assessing Womack's criminal history generally, not relating to acceptance of responsibility. DE-44 at 37. Moreover, counsel for Womack specifically objected to the factual information regarding this hit-and-run accident, while noting that it did not affect the guidelines range. DE-44 at 7.

8

[regarding a sentencing enhancement] had any chance of proving meritorious").

The relevant guideline provides that: "In determining whether a defendant qualifies for [acceptance of responsibility], appropriate considerations include . . . voluntary termination or withdrawal from criminal conduct." *See* U.S.S.G. § 3E1.1, cmt. n. 1; *United States v. Parsons*, 57 F. App'x 565, 566 (4th Cir. 2003) ("A defendant who does not voluntarily withdraw from criminal conduct while on bond is not entitled to an adjustment for acceptance of responsibility. This is true even if the post-arrest criminal conduct is unrelated to the offense of conviction.") (internal citations omitted). Here, the Court recognized counsel's objection but instead agreed with the pre-sentence report's recommendation that the post-guilty plea larceny charges foreclosed a reduction for acceptance of responsibility. This Court will not engage in a hindsight critique of an attorney's failure to argue more vigorously, particularly where doing so could have impacted the success of other arguments. *Cf. United States v. Terry*, 366 F.3d 312, 318 (4th Cir. 2004) (in context of trial counsel, recognizing that pressing a weak argument may not only be unsuccessful but also could detract from stronger arguments).

"The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo v. Moore*, 131 S. Ct. 733, 740 (2011) (quoting *Strickland*, 466 U.S. at 690). While Womack may wish that her attorney had been able to "convince[] the court," DE-55 at 6, that a reduction for acceptance of responsibility was warranted despite the larceny charges, her attorney's failure to do so does not render her performance objectively unreasonable. In sum, no disputed issue of material fact exists with respect to the claim of ineffective assistance for failing

9

to procure an acceptance of responsibility reduction, and the Government is entitled to judgment as a matter of law on this claim.

      C. <u>The District Court's Guideline Range Calculation</u>

      Finally, Womack argues in Section B of her memorandum that "the District Court erred at sentencing by finding that Womack abused a position of trust, that she held a managerial role in the offense and by its finding of the improper amount of loss attributed to Womack." DE-49-1 at 13. As the Government argues, DE-53 at 6-7, this argument is barred by Womack's appeal waiver, which precludes an appeal of "any issues that relate to the establishment of the advisory Guideline range." DE-18 at 1. Application of U.S.S.G. §§ 3B1.3 and 3B1.1(c), along with a determination of the loss attributable to Womack, are all, without question, issues "relati[ng] to the establishment of the advisory Guideline range." *See, e.g.*, DE-49-1 at 16 (stating that the tax loss calculation "increas[ed] Womack's offense level by eight (8) offense levels").

      Womack attempts to circumvent this bar by arguing that the Court sentenced her to a sentence "above the advisory Guideline range." DE-49-1 at 16. This is inaccurate. Plaintiff was sentenced to 57 months imprisonment. DE-38. The PSR, as Plaintiff acknowledges, established a Guideline range of 27 to 33 months on Counts One and Three, and a 24-month consecutive sentence on Count Two. DE-32. The Court's sentence adopted the top of the Guideline range—33 months, plus 24 months consecutive—for a total of 57 months. *See* DE-38; DE-44 at 43. The fact that Womack now disputes the Guideline calculation does not render her sentence "above" the advisory range that was established at the time of her sentencing. *See McGaha v. United States*, 7:09-cr-131, 2013 WL 2418129, at * 3 (E.D.N.C. June 3, 2013) (holding that petitioner could not appeal sentence where it was not "in excess of the advisory guideline range

10

*calculated at sentencing*") (emphasis added).[4] Accordingly, Womack's argument is barred by her appeal waiver.[5]

Additionally, Womack asserts in her response to the Government's motion to dismiss that her argument regarding these sentencing factors is an ineffective assistance of counsel claim, and not an impermissible appeal of her sentence. DE-55 at 6. Womack's position is belied by the language in her memorandum: each of the sentencing factors is separately numbered, and each concludes by stating that "the District Court erred." *See generally* DE-49-1 at 14-16. Unlike the substance of her other two arguments, Womack does not mention counsel in this portion of her memorandum at all. *See id.* In fact, counsel for Womack not only filed objections to the PSR's applications of all of these factors, *see* DE-30, but also reiterated these objections at the sentencing hearing, with the exception of the leadership role enhancement, which was withdrawn. DE-44 at 8-16. Womack therefore could not have shown deficient performance in an ineffective assistance of counsel claim predicated upon these Guideline applications, even had she raised the issue in her petition.

In sum, no disputed issue of material fact exists with respect to Womack's challenge to the calculation of her sentence, and the Government is entitled to judgment as a matter of law on this claim.

### D. *Alleyne* Claim

---

[4] In addition, "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding," *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999).

[5] As to Womack's argument that the loss amount attributed to her should have been lowered once the restitution amount changed, DE-49-1 at 16, it is noted that the loss amount and the restitution amount were not identical even in the pre-sentence report. *See* DE-32, ¶¶ 13 & 42 (setting restitution at $67,971 and describing loss amount as $ 76,587.10); DE-41 at 1. Moreover, the Court explicitly overruled Plaintiff's objection regarding the loss amount, and stated that the Court was considering the restitution issue separately from the loss calculation. DE-44 at 47.

11

Womack lastly attempts to amend her petition through her response to the government's motion, by adding a claim that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), warrants the vacatur of her sentence. DE-55 at 7. A litigant may not amend her pleading through her legal memoranda. *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).[6] Nonetheless, even if this Court were to offer Womack some leeway due to her *pro se* status, her argument is without merit. First of all, her argument rests upon the sentencing enhancements discussed above, which are wholly within the scope of her appeal waiver and cannot now be challenged. Moreover, *Alleyne* is inapposite. The case distinguishes between the statutory elements of a crime on one hand, and "sentencing factors" on another. *Alleyne*, 133 S. Ct. at 2156. And the opinion emphasizes that the ruling "does not mean that any fact that influences judicial discretion must be found by a jury," and that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* at 2163. Here, the sentencing factors that Womack disputes—while they may have impacted her Guideline range—had no effect on the statutory minimum or maximum penalty to which she was subjected. Accordingly, she would not be entitled to relief under *Alleyne*. *Id.*; *accord United States v. Hailey*, --- F. App'x ----, 2014 WL1244953, at *1 (4th Cir. Mar. 27, 2014) (unpublished) (per curiam) (commenting that the court found "no support" for extending *Alleyne* to sentencing enhancements).

In sum, there is no genuine dispute as to any fact material to Womack's claims, and the Government is entitled to summary judgment on all claims.

---

[6] Where appropriate, the Federal Rules of Civil Procedure apply to Section 2255 petitions. *United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000).

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motion to vacate (DE-49) be DENIED and that the Government's motion to dismiss (DE-52) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on April 2, 2014

*[signature]*

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE